PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT
for
### District of Guam

FILED
DISTRICT COURT OF GUAM
APR - 5 2006
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Marvin James Pangelinan**   Case Number: CR 99-00001-001

Name of Sentencing Judicial Officer: Alex R. Munson

Date of Original Sentence: September 1, 1999

Original Offense: Conspiracy to Import Crystal Methamphetamine, in violation of Title 21, U.S.C. §§ 952(a) 960 and 963

Original Sentence: 64 months imprisonment followed by 60 months supervised release with conditions to include: participation in a drug treatment program and testing; participation in a mental health treatment program; refrain from the use of any and all alcohol beverages; obtain and maintain gainful employment; perform 200 hundred hours of community service; and pay a $100 special assessment fee. **Informational report submitted June 16, 2003,** noncompliance. **Revoked on December 17, 2003,** and sentenced to three months imprisonment followed by 57 months supervised release with an additional condition of 100 hours of community service, and to include all conditions previously ordered on September 1, 1999.

Type of Supervision: Supervised Release   Date Supervision Commenced: February 10, 2003

Assistant U.S. Attorney: Joseph Wilson   Defense Attorney: G. Patrick Civille

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| Standard Condition | Failure to follow the instructions of the probation officer. |

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition submitted by*
*U.S. Probation Officer Specialist Carmen D. O'Mallan*

Reviewed by:

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer
Date: 3-29-2006

Reviewed by:

MARIVIC DAVID
Assistant U.S. Attorney
Date: 3/31/06

I declare under penalty of perjury
that the foregoing is true and correct.

CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Executed on: 3/29/06

THE COURT ORDERS:

[ ] No action.
[ ] The issuance of a warrant. *NO*
[X] The issuance of a summons. *RTB OK*
[ ] Other


RECEIVED
APR - 3 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ROGER T. BENITEZ, District Judge
4/4/06
Date

# VIOLATION WORKSHEET

1. Defendant **Marvin James Pangelinan**

2. Docket Number (Year-Sequence-Defendant No.) **CR 99-00001-001**

3. District/Office **0993/1**

4. Original Sentence Date **09** / **01** / **99**
       month   day   year

(If different than above):

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to follow the instructions of the Probation Officer | C |
| • | |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **C**

9. Criminal History Category (see §7B1.4(a)) — **I**

10. Range of Imprisonment (see §7B1.4(a)) — **3 to 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, One Columbus Circle, N.E. Suite 2-500 Washington, D.C. 20002-8002 Attn: Document Control, Office of Monitoring

*02/2003*

Case 1:99-cr-00001    Document 42    Filed 04/05/2006    Page 3 of 7

Defendant: **Marvin James Pangelinan**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: __N/A__ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: __48 -54 months__

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): __0__ months __0__ days

Mail documents to: United States Sentencing Commission, One Columbus Circle, N.E. Suite 2-500 Washington, D.C. 20002-8002 Attn: Document Control, Office of Monitoring    *02/2003*

# UNITED STATES DISTRICT COURT
## FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| **United States of America** <br> Plaintiff, <br><br> vs. <br><br> **PANGELINAN, Marvin James** <br> Defendant. | ) CRIMINAL CASE NO. 99-00001-001 <br> ) <br> ) <br> ) **DECLARATION IN SUPPORT OF PETITION** <br> ) <br> ) <br> ) <br> ) <br> ) |

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Marvin James Pangelinan, and in that capacity declare as follows:

On September 1, 1999, Marvin James Pangelinan was sentenced to sixty-four months imprisonment and sixty months supervised release for the offense of Conspiracy To Import Crystal Methamphetamine in violation of 21 U.S.C. §§ 952(a), 960 and 963. Mr. Pangelinan's term of supervised release commenced on February 10, 2003. His term of supervised release was revoked on December 17 2003, for failure to refrain from the unlawful use of a controlled substance. He was sentenced to three months imprisonment and ordered to serve fifty-seven months supervised release with the condition of 100 hours community service in addition to the conditions imposed on the date of his original sentence. He is alleged to have violated the following conditions of supervision:

**Standard Condition**: *The defendant shall follow the instructions of the probation officer.*

On January 12, 2006, this Officer made an attempt to contact Mr. Pangelinan at home to schedule an office visit. Mr. Pangelinan was not home and a request was made for a return call through his mother, Evelyn Taitague. A follow-up telephone call was made on January 25, 2006, at his residence. The telephone was answered by a male who identified himself as Mr. Pangelinan's step-father, Harry Taitague. A request for a return call was made after Mr. Taitague stated that Mr. Pangelinan was not home. On February 22, 2006, a third attempt was made to contact Mr. Pangelinan by telephone. Mr. Pangelinan's mother answered the telephone and a request was made by this Officer that he report to the Probation Officer the following morning at 10:00. Mr. Pangelinan did mot show as scheduled. An unsuccessful telephone contact was also made at Mr. Pangelinan's place of employment on March 1, 2006. He had completed his shift earlier that morning. On that same date, a telephonic contact was again attempted at the Pangelinan residence at 10:00 am. Mr. Pangelinan's wife, Annicia, answered and stated

that Mr. Pangelinan was not home. This Officer left a message with instructions that Mr. Pangelinan report to the Probation Office the following day, March 2, 2006, at 3:30 PM. On March 2, 2006, this Officer received a telephone call from Annicia Pangelinan who stated that she transported Mr. Pangelinan to the Guam Memorial Hospital Emergency Room after he complained of nausea. This Officer requested that she stay in contact and provide an update of Mr. Pangelinan's health when possible.

On March 3, 2006, Annicia Pangelinan walked in to the office and submitted Mr. Pangelinan's monthly supervision report and Emergency Room discharge report. The report stated that Mr. Pangelinan was seen at the hospital on March 2, 2006, at 3:00. His presenting complaints were feelings of weakness and numbness all over his body. His diagnosis was listed as dizziness. Ms. Pangelinan related that Mr. Pangelinan was home resting. An appointment with Mr. Pangelinan was scheduled through Ms. Pangelinan for March 8, 2006 at 9:00 am.

On March 8, 2006, at 7:29 am, a voice message was left for this Officer from Mr. Pangelinan stating that he was leaving work, was tired and requested a return call for an afternoon appointment. This Officer made three telephonic attempts to re-schedule Mr. Pangelinan's appointment. Mr. Pangelinan's telephone was not in working order.

On March 10, 2006, this Officer contacted John Payne, Caridad Project Director at Catholic Social Services. Mr. Payne verified Mr. Pangelinan's continued employment at Caridad II. He stated that he will contact Mr. Pangelinan and instruct him to report to the Probation Office on March 13, 2006 at 9:00 am. Mr. Pangelinan did not show as scheduled. On March 17, 2006, Mr. Payne stated that he made contact with Mr. Pangelinan and was assured by him that he would report to the Probation Office on March 13, 2006. He further stated that on that date, Mr. Pangelinan called Caridad II and stated that he was ill and unable to work that day.

A home visit was conducted on March 21, 2006. Mr. Pangelinan's mother, Evelyn Taitague, stated that her son was not home. An appointment date of March 22, 2006, at 9:00 a.m., was written on this Officer's business card, and left with Ms. Taitague to give to Mr. Pangelinan. On March 22, 2006, at 8:01 am, a voice message was left for this Officer from Mr. Pangelinan requesting a return call. Three unsuccessful attempts were made to contact Mr. Pangelinan at the number provided. A recorded message was heard stating that the subscriber was not available.

The last face-to-face contact this Officer had with Mr. Pangelinan was on September 22, 2005 when an unannounced home visit was made at his residence. Mr. Pangelinan was home with his family and the visit was uneventful. He also participated in a quarterly drug test on September 2, 2005, and tested negative on a five-panel field test.

**Supervision Compliance:** Mr. Pangelinan is currently living with his wife, toddler child, his mother, step-father and siblings. He completed the year-long substance abuse testing and treatment program on March 18, 2005. He also completed performance of community service on April 19, 2004 and has no monetary penalties. Mr. Pangelinan submits timely monthly supervision reports which are a condition of his release.

Declaration in Support of Petition
Re: PANGELINAN, Marvin James
USDC Cr. Cs. No. 99-00001-001
March 24, 2006
Page 3

Mr. Pangelinan is employed full time as a care giver at Catholic Social Services, Caridad II, a residential facility for adults with severe disabilities and who are in need of constant supervision. Mr. Payne related that Mr. Pangelinan's performance has recently been in question. He was counseled after an unauthorized use of the agency van and for an incident involving his co-workers. Mr. Payne further expressed concern regarding Mr. Pangelinan's noted weight loss. He related that Mr. Pangelinan's response was that he has been "working out."

**Recommendation:** This Probation Officer respectfully requests that the Court issue a summons for Marvin S,. Pangelinan to appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to 18, U.S.C. § 3583.

Executed this 29 day of March 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

_____
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc: Marivic P. David, AUSA
    G. Patrick Civille, Defense Counsel
    File