Prob 12D
(6/05)

# UNITED STATES DISTRICT COURT
## for
## District of Guam



FILED
DISTRICT COURT OF GUAM
MAY - 9 2006
MARY L.M. MORAN
CLERK OF COURT

# Request for Summons and Modification of the Conditions or Term of Supervision

Name of Offender: **Marvin James Pangelinan**          Case Number: CR 99-00001-001

Name of Sentencing Judicial Officer: Alex R. Munson

Date of Original Sentence: September 1. 1999

Original Offense: Conspiracy to Import Crystal Methamphetamine, in violation of 21 United States Code Sections 952(a) 960 and 963

Original Sentence: 64 months imprisonment followed by 60 months supervised release with conditions to include: participation in a drug treatment program and testing; participation in a mental health treatment program; refrain from the use of any and all alcohol beverages; obtain and maintain gainful employment; perform 200 hundred hours of community service; and pay a $100 special assessment fee. **Informational report submitted June 16, 2003**, noncompliance. **Revoked on December 17, 2003**, and sentenced to three months imprisonment followed by 57 months supervised release with an additional condition of 100 hours of community service, and to include all conditions previously ordered on September 1, 1999. **Violation report filed April 5, 2006,** for non-compliance and is pending 90 day continuance to assess compliance.

Type of Supervision: Supervised Release          Date Supervision Commenced: February 10, 2003

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

ORIGINAL



CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

*(See attached Declaration in Support of Petition submitted by U.S. Probation Officer Specialist Carmen D. O'Mallan)*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| ROSSANNA VILLAGOMEZ-AGUON<br>U.S. Probation Officer<br>Supervision Unit Leader | MARIVIC P. DAVID<br>Assistant U.S. Attorney | CARMEN D. O'MALLAN<br>U.S. Probation Officer Specialist |
| Date: 4/27/06 | Date: 5/3/06 | Executed on: 4/24/06 |

THE COURT ORDERS:

☐ No action.

☒ The issuance of a summons.

☐ Other: _____

Signature of Judicial Officer  
JOHN C. COUGHENOUR  
Designated Judge  
5/9/06  
Date

RECEIVED  
MAY - 4 2006  
DISTRICT COURT OF GUAM  
HAGATNA, GUAM

ORIGINAL

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>vs.<br><br>**MARVIN JAMES PANGELINAN,**<br>Defendant. | ) CRIMINAL CASE NO.: 99-00001-001<br>)<br>)<br>) DECLARATION IN SUPPORT OF PETITION<br>)<br>)<br>)<br>)<br>) |

    I, U.S. Probation Officer Carmen D. O'Mallan, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Marvin James Pangelnan, and in that capacity declare as follows:

    On September 1, 1999, Marvin James Pangelinan was sentenced to 64 months imprisonment followed by 60 months supervised release for the offense of Conspiracy To Import Crystal Methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960 and 963. Mr. Pangelinan's term of supervised release commenced on February 10, 2003. His term of supervised release was revoked on December 17 2003, for failure to refrain from the unlawful use of a controlled substance. He was sentenced to three months imprisonment and ordered to serve 57 months supervised release with the condition of 100 hours community service in addition to the conditions imposed on the date of his original sentence. A violation report was filed with the Court on April 5, 2006, for noncompliance with the conditions of his term of release. He made his Initial Appearance on April 13, 2006, at which time his case was continued to July 6, 2006, to assess his compliance with the conditions of his release.

    On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.

    To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Marvin Pangelinan's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Pangelinan's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender.

To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Pangelinan's mandatory condition to set the maximum number of tests he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Marvin James Pangelinan to appear for a hearing to answer or show cause why his term of supervised release should not be modified pursuant to Title 18, United States Code, Section 3583(e)(2).

Executed this 26 day of April 2006, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Marivic P. David, AUSA
Federal Public Defender
File