# ORIGINAL

1 | LEONARDO M. RAPADAS
United States Attorney
2 | MARIVIC P. DAVID
Assistant U.S. Attorney
3 | Sirena Plaza Suite 500
108 Hernan Cortez Avenue
4 | Hagatna, Guam 96910
Telephone: (671) 472-7332
5 | Telecopier: (671) 472-7334
Attorneys for United States of America

**FILED**

DISTRICT COURT OF GUAM

FEB 28 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 99-00001 |
| Plaintiff, | ) | |
| vs. | ) | UNITED STATES' SUBMISSION |
| | ) | Re PETITION TO REVOKE |
| | ) | DEFENDANT'S SUPERVISED RELEASE |
| MARVIN J. PANGELINAN, | ) | |
| Defendant. | ) | |

The term "dangerous weapon" has been defined by federal courts as any object that is capable of inflicting serious bodily injury. An object need not be inherently dangerous to be a dangerous weapon. In McLaughlin v. United States, 476 U.S. 16, (1986), for example, the Supreme Court held that an unloaded handgun is a "dangerous weapon" within the meaning of the federal bank robbery statute under 18 U.S.C. § 2113. In McLaughlin the Court focused not only on the object's intrinsic character, but also on the capacity of the object to instill fear or inflict harm; it also recognized that an inoperable gun can cause harm when used as a bludgeon. Id. at 17-18. The Ninth Circuit in United States v. Martinez-Jimenez, 864 F.2d 664, 666-667 (9th Cir. 1989), applied the reasoning of McLaughlin and held that a toy gun was a "dangerous weapon" within the meaning of the federal bank robbery statute because of the object's ability to incite fear and violence.

Federal law, 18 U.S.C. § 930, prohibits the possession of certain dangerous weapons in federal facilities. Under that statute the term "dangerous weapon" is defined as

> a weapon, device, instrument, material, or substance, animate or
> inanimate, that is used for, or is readily capable of, causing death or serious

bodily injury, except that such term does not include a pocket knife with a blade of less than 2 ½ inches in length.

18 U.S.C. § 930(g)(2)(emphasis added).

Section 2K2.5 of the U.S. Sentencing Guidelines applies to a § 930 offense and "dangerous weapon," for purposes of § 2K2.5, is defined in the Commentary to § 1B1.1 of the Guidelines.

The Sentencing Guidelines Commentary to § 1B1.1 defined "dangerous weapon" and "serious bodily injury" as follows:

> "Dangerous weapon" means (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument . . . .

U.S.S.G. § 1B1.1, Application Note 1(D) (emphasis added)

> "Serious bodily injury" means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. . . .

U.S.S.G. § 1B1.1, Application Note 1(L)

Guam law provides similar definitions. Under Guam law, the terms "dangerous instrument," "deadly weapon," and "serious bodily injury" are defined as follows:

> a "dangerous instrument" means any firearm, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in a manner it is used or intended to be used is known to be capable of producing death or serious bodily injury.

9 G.C.A. § 58.10(e) (emphasis added);

> a "deadly weapon" means any firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to the defendant to be capable of producing death or serious bodily injury.

9 G.C.A. § 16.10 (d)(emphasis added).

> "serious bodily injury" means bodily injury which creates: serious permanent disfigurement; a substantial risk or death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily member or organ;

9 G.C.A. § 16.10 (c)

2

1    The Ninth Circuit has applied the "dangerous weapon" definition of § 1B1.1 of the

2    Guidelines for purposes of the bank robbery statute, for example, and characterized a toy gun and

3    a screwdriver as dangerous weapons. In United States v. Smith, 905 F.2d 1296, 1300 (9th Cir. 1990),

4    the Court held that a "dangerous weapon" could be any object which may create fear or incite

5    violence, and found that an inoperable pellet gun that "can also cause harm when used as a

6    bludgeon" was a dangerous weapon, *superseded on other grounds by amendment to the guidelines,*

7    *United States v. Burnett, 16 F.3d 358, 360 n. 1 (9th Cir. 1994).* Also, in United States v. Lavender,

8    224 F.3d 939, 941 (9th Cir. 2000), a screwdriver was properly characterized as a dangerous weapon

9    since "[t]here is no doubt that a screwdriver can be used to stab someone in the throat or chest, or

10   to gouge out someone's eye, causing serious bodily injury."

11   In this case, the folding pocket knife with a three-inch blade and the 24-inch collapsible steel

12   baton that defendant possessed are dangerous weapons within the meaning of § 1B1.1 of the

13   Guidelines, federal case law, and Guam law. The knife and baton are instruments capable of

14   instilling fear, and inflicting death or serious bodily injury. A knife of any size and a steel baton are

15   inherently dangerous weapons. A knife, like a screwdriver, has the capacity to inflict stab wounds

16   or cuts to the eyes, face, and vital organs causing serious bodily injury. The normal use of a 24-inch

17   steel baton is to strike, and it has the capacity to inflict serious bodily injury in the hands of trained

18   and untrained persons. See Koon v. United States, 116 S.Ct. 2035, 2041-42, 2048 (1996)(noted that

19   the district court properly regarded a police side-handle baton as a "dangerous weapon" for purposes

20   of the Sentencing Guidelines because it was capable of inflicting death or serious bodily injury).

21   RESPECTFULLY submitted this 27th day of February 2007.

23   LEONARDO M. RAPADAS
     United States Attorney
24   Districts of Guam and CNMI

25

     By:
26   _____
     MARIVIC P. DAVID
27   Assistant U.S. Attorney

28                                      3