
JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
MARVIN J. PANGELINAN

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 99-00001 |
| ) | |
| Plaintiff, ) | MEMORANDUM CONCERNING |
| ) | DEFINITION OF DEADLY WEAPON IN |
| vs. ) | THE CONTEXT OF PROBATION AND |
| ) | SUPERVISED RELEASE CONDITIONS |
| MARVIN J. PANGELINAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant, MARVIN J. PANGELINAN, by and through undersigned counsel, Richard P. Arens, Assistant Federal Public Defender, respectfully submits the following memorandum concerning the definition of a deadly weapon as is relates to revocation of probation or supervised release.

//

//

## Any Just and Reasonable Definition of a Deadly Weapon Must Take into Account the Use or Intended Use of the Object

The determination of whether an object is a dangerous weapon should be based on defendant's use or intended use of the particular object. An exhaustive list of potentially dangerous weapons would be overly expansive on one hand and would unduly constrain the court and the government on the other. The list, by necessity, would be so all-encompassing that it would prohibit probationers from possessing most objects of daily life. A vivid imagination coupled with an ill-intent could transform the most mundane household objects into dangerous weapons.

The government's brief itself shows how everyday common objects and tools would now be classified as deadly weapons. The government goes so far as to claim screwdrivers are deadly weapons and thus, their possession by probationers or those on supervised release would subject them to revocation. Average kitchen cutlery and a the tools of a basic tool box would now be prohibited under the government's overly expansive and unreasonable interpretation.[1] Both the government and U.S. probation miss the point because they do not take into account a very important factor: <u>the use or intended use of the item</u>.

The Ninth Circuit's decision in <u>Dayea v. United States</u>, 32 F.3d 1377 (9th Cir. 1994) provides much needed guidance. In <u>Dayea</u>, the court interpreted the guideline definition of dangerous weapon as applied to an upward adjustment under section 2A2.2(b)(2). A "dangerous

---

[1] Both U.S. Probation and the government cite to 18 U.S.C. § 930, <u>Possession of Firearms and Dangerous Weapons in Federal Facilities</u>, for their definition of deadly weapons. Their reliance is misplaced however. The security concerns in federal courthouses, prisons, etc. have little applicability to a probation or supervised release condition prohibiting dangerous weapons.

weapon" is "an instrument capable of inflicting death or serious bodily injury." Section 1B1.1, comment. (n.1(d)). The court noted that "almost anything can count as a deadly weapon, including walking sticks, leather straps, rakes, tennis shoes, rubber boots, dogs, rings, concrete curbs, clothes irons, and stink bombs." In Dayea, the court further found that mere possession was not sufficient to warrant an upward adjustment. Id. at 1380. The Court held that an adjustment was "authorized only when a defendant used an instrument capable of causing serious bodily with the intent to injure his victim." Id. at 1380.

Any attempt to define a deadly weapon without taking into account the use or intended use of the item will necessarily fail. If an object was not on the list, probation would be unable to violate an individual for possessing a dangerous weapon even if the object was used to inflict serious bodily injury or death. For instance, if a pocket knife was deemed a dangerous weapon only when 3" in length or greater, a probationer would not be in violation if he used a 2 ½" inch knife to inflict serious bodily injury. Conversely, if a probationer merely possessed a knife 3" or longer he would be subject to revocation. Such an outcome would not be reasonable. In this case, probation insists Mr. Pangelinan violated his conditions of release by possessing a 3" pocket knife and a 24" baton. However, probation's argument fails as it never addresses Mr. Pangelinan's use or intended use of the objects.

## CONCLUSION

In deciding whether an item is deadly in the probation or supervised release context, the court should look both to the item <u>and</u> to the use or intended use of the object possessed. The court should not attempt to compile a list of potentially dangerous instruments. Such a specification

3

of prohibited items would be overly broad and only lead to confusion and misapplication.

DATED: Mongmong, Guam, March 8, 2007.

*(signature)*
RICHARD P. ARENS
Attorney for Defendant
MARVIN J. PANGELINAN

4

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on March 8, 2007:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

CARMEN O'MALLAN
U.S. Probation Officer Specialist
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, March 8, 2007.

RENATE A. DOEHL
Operations Administrator

RICHARD P. ARENS
Attorney for Defendant
MARVIN J. PANGELINAN