LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334
Attorneys for United States of America

**ORIGINAL**

FILED
DISTRICT COURT OF GUAM
MAR -9 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> MARVIN J. PANGELINAN, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 99-00001 <br><br> UNITED STATES' REPLY <br> TO DEFENDANT'S SUBMISSION <br> Re PETITION TO REVOKE <br> DEFENDANT'S SUPERVISE |

The case of United States v. Dayea, 32 F.3d 1377 (9th Cir. 1994), relied upon by defendant, involved the application of § 2A2.2(b)(2)(B) of the Sentencing Guidelines which provides that a criminal's base offense level can be increased by four levels "[i]f a dangerous weapon (including a firearm) was otherwised used" in an aggravated assault context.

The defendant here, however, was prohibited from possessing a firearm, destructive device, or any other dangerous weapon as one of his conditions of supervised release. 18 U.S.C. § 3583(d). This condition is a similar specific offense characteristic in calculating the total offense level of a defendant who has been convicted of a drug offense. Under § 2D1.1(b)(1) of the Guidelines, a drug criminal's base offense level can be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed," and use of such weapon was not a necessary factor. In applying that enhancement, the Ninth Circuit does not even require a temporal and spatial connection between the weapon, the drug trafficking offense, and the defendant. For example, in United States

v. Stewart, 926 F.2d 899, 900 (9th Cir. 1991), the enhancement was upheld even though the act of distribution occurred 15 miles away from defendant's residence where the firearm was found. The key is whether the dangerous weapon was possessed during the course of criminal conduct, not whether it was present at the site of the offense or used in connection with the offense. Id. at 901. Also, in United States v. Pitts, 6 F.3d 1366, 1373 (9th Cir. 1993), the court upheld the enhancement where the defendant resided in a home where a shotgun was found four months after the drug delivery occurred even though such delivery did not occur at his residence.

In this case, as reflected in the U.S. Probation Officer's reports, the defendant was found in possession of dangerous weapons while he remained in supervised release status.

RESPECTFULLY submitted this 9th day of March 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

2